IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,580

TERRY D. MCINTYRE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

Generally, litigants and their counsel bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the trial court the opportunity to correct the inadequacies, and, when there is no objection, omissions in findings are not considered on appeal. If no objection was made, the appellate court presumes that the trial court found all facts necessary to support its judgment.

2.

When a party files a motion under K.S.A. 60-1507 and the trial court addresses the substantive issue without the State objecting to the timeliness of the filing, it is presumed on appeal that the trial court found either that the motion was timely filed or that an exception based on manifest injustice applied.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 19, 2015. Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed December 23, 2016.

Judgment of the Court of Appeals affirming the district court is reversed, and the case is remanded to the Court of Appeals.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause, and *Janine Cox*, of the same office, was with him on the briefs for appellant.

*Kate Duncan Butler*, assistant district attorney, argued the cause, and *Patrick J. Hurley*, assistant district attorney, *Natalie Yoza*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: On review of an unpublished opinion by the Court of Appeals, Terry D. McIntyre asks this court to reverse the summary denial of his motion asserting ineffective assistance of counsel in a prior appellate proceeding.

McIntyre was convicted by a Douglas County jury on one count of aggravated robbery, one count of rape, one count of aggravated criminal sodomy, one count of kidnapping, and one count of aggravated kidnapping. He was sentenced to a term of 645 months. The Court of Appeals affirmed the convictions in *State v. McIntyre*, No. 86,715 (Kan. App. 2002) (unpublished opinion), *rev. denied* 274 Kan. 1116 (2002).

McIntyre filed numerous state and federal claims in the following years. These included a pro se K.S.A. 60-1507 motion filed in September 2002, alleging ineffective assistance of trial and appellate counsel. The district court denied the motion, and, in 2005, he timely docketed an appeal. He eventually retained John W. Fay to prosecute the appeal, and Fay entered his appearance. In an opinion dated May 4, 2007, the Court of Appeals affirmed the district court. *McIntyre v. State*, No. 94,786, 2007 WL 1309576 (Kan. App.) (unpublished opinion), *rev. denied* 284 Kan. 946 (2007).

On December 17, 2012, McIntyre filed a motion in district court seeking relief under K.S.A. 60-1507. His motion asserted that Fay, his retained counsel in the previous K.S.A. 60-1507 action, had provided ineffective assistance in prosecuting his appeal. The State filed no response. The district court denied the motion, holding that McIntyre had no right to effective counsel under the Sixth Amendment to the United States Constitution. McIntyre again appealed to the Court of Appeals, which affirmed the district court without addressing the merits. The Court of Appeals held that the motion in the present case was filed more than 1 year after the mandate issued in the previous case and, as a matter of law, he was precluded from bringing the present action. Implicit in the opinion was the premise that the statutory time limitation is not a defense that the State may waive by failing to raise the argument to the district court. *McIntyre v. State*, No. 111,580, 2015 WL 4094258, at *3 (Kan. App. 2015) (unpublished opinion).

At the time that McIntyre filed his motion, K.S.A. 60-1507(f)(1) required, in relevant part, that an action be brought within 1 year of the final order of the last appellate court to exercise jurisdiction on a direct appeal. It was on this section that the Court of Appeals relied in affirming the district court. K.S.A. 60-1507(f)(2) provides an exception to this time limitation, allowing the district court to extend the period for taking an action in order "to prevent a manifest injustice."

In order for the district court to consider the merits of McIntyre's motion, it therefore had to reach the threshold conclusion that it was extending the filing time to prevent manifest injustice. The court did not explicitly make that determination, and the State neither objected nor moved for reconsideration.

Generally, litigants and their counsel bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the trial court the

3

opportunity to correct such inadequacies, and, when there is no objection, omissions in findings are not considered on appeal. If no objection was made, this court presumes that the trial court found all facts necessary to support its judgment. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012); *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015); see also Supreme Court Rule 165(b) (2015 Kan. Ct. R. Annot. 257).

Under the present circumstances, we must presume that the district court properly found an essential fact that was necessary to support its judgment on the merits. For this reason, we deem it unnecessary to determine at this time whether the statutory time limitations may be waived by the State.

The Court of Appeals did not decide the issue that McIntyre raised in his brief. We therefore remand this case to the Court of Appeals for resolution of that issue. See Supreme Court Rule 8.03(i)(4) (2015 Kan. Ct. R. Annot. 78).